*211 Senior Judge COX
delivered the opinion of the Court.
Appellant was convicted, pursuant to his conditional guilty pleas, of sodomy with a child and indecent acts, in violation of Articles 125 and 134, Uniform Code of Military Justice (UCMJ), 10 USC §§ 925 and 934, respectively.[1] The Court of Criminal Appeals affirmed. 55 MJ 621 (2001).
Prior to entering his pleas, appellant moved to suppress a confession given to special agents of the U.S. Army Criminal Investigation Command (CID).[2] The issue in this appeal is whether this confession was voluntary.[3] We hold that it was not voluntary, and we reverse the decision of the Court of Criminal Appeals.
FACTS
The facts of this case are unique and are set forth in full in the opinion of the Army Court of Criminal Appeals. 55 MJ at 622-23. For purposes of this appeal, we can summarize the facts as follows. In May of 1998, appellant engaged in an episode of indecent acts and sodomy upon his four-year-old stepdaughter while his wife was in the hospital in Germany. In June, the child first reported the acts to her grandmother, and then to her mother after she returned from the hospital. Appellant’s wife confronted appellant, and he admitted the acts to her. No complaint was made to the military police or through command channels. Rather, in August, the grandmother removed the child from Germany to her home in the United States. Also, appellant’s wife left him and returned to the states.
After the passage of some time and with the urging of his wife and mother-in-law, appellant decided to seek counseling from Chaplain (Captain) S. On September 20, 1998, at their first meeting, appellant was very emotional and confessed to the chaplain that he had engaged in an inappropriate relationship with his stepdaughter. At the conclusion of the meeting, the chaplain advised appellant that he might have to report the child abuse to the proper authority.
The following morning, the chaplain contacted the Army Family Advocacy office and was advised that he was required to report the child abuse. The chaplain related this to appellant. Appellant then confessed even more details about his conduct to the chaplain.
The chaplain told appellant it would be better for him to confess to the authorities on his own accord, and offered to go with him to the military police station. They discussed “the issue of forgiveness, of forgiving himself, [and] that [confessing] may be a step in helping him deal with that.” Initially appellant was reluctant to go to the military police station. Chaplain S testified that, if he had not volunteered to go with appellant, he doubted that appellant would have made the report himself.
The chaplain escorted appellant to the Military Police (MP) station and told Sergeant First Class (SFC) K, the commander of the MP station, that appellant was at the MP station to make a statement regarding his *212 “improper relationship with his stepdaughter.” SFC K called CID, and about an hour later, two agents arrived. The CID agents warned appellant of his rights under the 5th Amendment, Article 31(b), UCMJ, 10 USC § 831(b), and Mil.R.Evid. 305(d), Manual for Courts-Martial, United States (2000 ed.). The agents did not give a “cleansing” warning regarding appellant’s earlier confession to the chaplain. Appellant agreed to waive his rights and eventually gave a detailed, six-page, handwritten confession to CID.
THE LAW
When reviewing a decision of the Court of Criminal Appeals on a military judge’s ruling, “we typically have pierced through that intermediate level,” examined the military judge’s ruling, and then decided whether the Court of Criminal Appeals was right or wrong in its examination of the military judge’s ruling. United States v. Siroky, 44 MJ 394, 399 (1996). At trial, the prosecution has the burden of establishing by a preponderance of the evidence that a confession was voluntary. Mil.R.Evid. 304(e)(1), Manual, supra; United States v. Bubonics, 45 MJ 93, 95, recon. denied, 46 MJ 186 (1996). We review de novo a military judge’s determination that a confession is voluntary. United States v. Ford, 51 MJ 445, 451 (1999), citing Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).
One of the most sacred privileges at common law was the confidentiality between a priest and penitent. “[It] recognizes the human need to disclose to a spiritual counselor, in total and absolute confidence, what are believed to be flawed acts or thoughts and to receive priestly consolation and guidance in return.” Trammel v. United States, 445 U.S. 40, 51, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). This privilege was recognized in paragraph 151(b)(2) of the 1951 Manual for Courts-Martial, United States, which provided:
Also privileged are communications between a person subject to military law and a chaplain, priest, or clergyman of any denomination made in the relationship of penitent and chaplain, priest, or clergyman, either as a formal act of religion or concerning a matter of conscience.
When the Military Rules of Evidence were promulgated, Rule 503 expressly recognized a “Communications to clergy” privilege. It provides:
A person has a privilege to refuse to disclose and to prevent another from disclosing a confidential communication by the person to a clergyman or to a clergyman’s assistant, if such communication is made either as a formal act of religion or as a matter of conscience.
Manual, supra. Furthermore, this privilege is recognized in paragraph 4-4 of Army Regulation 165-1, Chaplain Activities in the United States Army (26 May 2000) (superseding 27 Feb. 1998), and paragraph 3-8 of Army Regulation 608-18, The Family Advocacy Program (1 September 1995).
Article 31(b), supra, provides:
No person subject to this chapter may interrogate, or request any statement from an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.
Additionally, a warning that the servicemember has a right to counsel is required. Mil. R.Evid. 305(d); United States v. Tempia, 16 USCMA 629, 37 CMR 249 (1967). Article 31(d) provides:
No statement obtained from any person in violation of this article, or through the use of coercion, unlawful influence, or unlawful inducement may be received in evidence against him in a trial by court-martial.
When a chaplain questions a penitent in a confidential and clerical capacity, the results may not.be used in a court-martial because they are privileged. Therefore, the Article 31(b) and Tempia warnings are not required. Conversely, if a military officer who is also a chaplain acts on the premise that the penitent’s disclosures are not privileged, then warnings are required.
*213 A confession that follows an earlier confession obtained due to actual coercion, duress, or unlawful inducement is presumptively tainted. Ford, 51 MJ at 450-51, citing United States v. Phillips, 32 MJ 76, 79 (1991), and applying the analysis in Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985). However, a confession taken in compliance with Article 31(b) and Mil.R.Evid. 305 that follows an earlier unwarned confession obtained in violation of Article 31(b) and Mil.R.Evid. 305 is not presumptively tainted. It is admissible if the subsequent confession is determined to be voluntary “by the totality of the circumstances.” Id.; see also Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). “The earlier, unwarned statement is a factor in this total picture, but it does not presumptively taint the subsequent confession.” Phillips, supra. The fact that the subsequent confession was preceded by adequate warnings is one of the circumstances to be considered. Elstad, supra.
Finally, while a cleansing warning is not a prerequisite to admissibility, an earlier unwarned statement and the lack of a cleansing warning before the subsequent statement are also part of the “totality of the circumstances.” United States v. Lichtenhan, 40 MJ 466, 470 (CMA 1994), citing Phillips, supra. In this situation, where actual coercion, duress, or unlawful inducement was not involved in appellant’s disclosures to the chaplain, our task is to review the totality of the circumstances de novo, and to determine as a matter of law whether appellant’s subsequent confession to CID meets the following test:
Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process.
Ford, supra at 451, quoting Culombe v. Connecticut, 367 U.S. 568, 602, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961).
ANALYSIS
We need not decide whether appellant’s confession to CID was presumptively tainted, because we hold that it was involuntary. Appellant went to the chaplain for help. Instead, he was advised that Army Regulations and the Family Advocacy Center rules mandated that the chaplain “turn him in” and reveal his confession. Chaplain S revealed appellant’s confidences, in violation of the privilege protected by Mil.R.Evid. 503 and Army Regulations, when he told SFC K that appellant was at the MP station to make a statement regarding his “improper relationship with his stepdaughter.” When appellant was questioned by the CID agents, he was informed that he was suspected of indecent assault. 55 MJ at 623. Appellant was aware that only the chaplain could have been the source of this information, and that his confidences had been betrayed. Faced with this Hobson’s choice of confessing to CID or having the chaplain reveal his confession to CID, he had little or no choice but to confess.
There was no cleansing warning given, but we cannot fault the CID agents for not providing appellant with a cleansing warning and an opportunity to consider whether the “cat was out of the bag.” There is no indication in the record that they were aware of Chaplain S’s threats to reveal appellant’s confession, but they were aware of the nature of the offenses because of Chaplain S’s disclosure to SFC K.
These facts provide too flimsy a foundation for us to conclude that appellant’s confession was made voluntarily, of his own free will and based upon a desire to confess his crimes to the police officials. Stated succinctly, under these circumstances, we conclude that appellant’s “will [was] overborne and his capacity for self-determination [was] critically impaired.” Thus, “the use of his confession offends due process.” Culombe, supra at 602.
Appellant was seeking clerical help. Instead of providing confidential counseling, the chaplain informed appellant that he was obliged to report appellant’s action and thus, unknown to the chaplain, breach the “com *214 munications to clergy” privilege. At this point, the chaplain was acting outside his responsibilities as a chaplain, and he was acting solely as an Army officer. As such, he was required to provide an Article 31 warning before further questioning. Although CID advised appellant of his rights, the chaplain had made it clear that if he invoked his rights, the chaplain would reveal his confession. Under these facts, we hold that the Government did not carry its burden of establishing that appellant’s confession was voluntary. See United States v. Bubonics, 45 MJ at 96; United States v. Martinez, 38 MJ 82, 86-87 (CMA 1993). Accordingly, we must reverse.
CONCLUSION
The decision of the United States Army Court of Criminal Appeals is reversed. The findings of guilty and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

. Appellant was sentenced to reduction to Private E-l, forfeiture of all pay and allowances, six years’ confinement, and a dishonorable discharge. The convening authority reduced the sentence to confinement to five years, deferred the adjudged forfeitures, and waived the automatic forfeitures for the benefit of appellant’s stepdaughter, in accordance with Article 58b, UCMJ, 10 USC § 858b.

. Appellant entered his plea conditionally, as provided in RCM 910(a)(2), Manual for Courts-Martial, United States (2000 ed.). All cited provisions of the Manual are unchanged from those in effect at the time of trial.

. We granted review of the following issue:
WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR WHEN HE DENIED APPELLANT’S MOTION TO SUPPRESS APPELLANT’S INVOLUNTARY CONFESSION THAT WAS GIVEN AFTER A CHAPLAIN IN WHOM APPELLANT CONFIDED UNDER MIL.R.EVID. 503 TOLD APPELLANT THAT IF HE DID NOT CONFESS TO LAW ENFORCEMENT AGENTS, THE CHAPLAIN WOULD DISCLOSE APPELLANT’S PRIVILEGED COMMUNICATIONS TO THOSE SAME AGENTS:
Argument was heard in this case at the Carey Theater, Fort Lewis, Washington, as part of this Court’s Project Outreach. See United States v. Allen, 34 MJ 228, 229 n. 1 (CMA 1992).