EFFRON, Chief Judge
(concurring in part and dissenting in part):
I concur in the majority opinion’s determination that a remand is warranted because the military judge erred in permitting the introduction of the key pieces of evidence. First, the military judge erroneously permitted a sexual assault nurse to recount KG’s statements, which constituted inadmissible testimonial hearsay under the Confrontation Clause of the Sixth Amendment. See Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Second, the military judge erred in admitting into evidence Appellant’s January 3 statement to the Army Criminal Investigation Division (CID) and the related videotape of his interview with the CID because these statements were obtained without providing Appellant with the rights warnings required by Article 31(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831(b) (2000). I respectfully disagree, however, with the majority opinion’s determination that Appellant’s January 7 statement, obtained by the same CID agent without a cleansing warning, was admissible.

Successive interrogations after an unwarned statement

As the majority opinion observes, United States v. Brisbane, 63 M.J. 106 (C.A.A.F.2006), provides the appropriate framework for analyzing the admissibility of Appellant’s second statement. In Brisbane, we noted that when a statement is inadmissible because an individual was not provided with the applicable rights warning, the voluntariness of a second statement is determined by the totality of the circumstances. Id. at 114. In assessing the totality of the circumstances, we take into account the presence of a “cleansing warning” — that is, advice that a person’s prior statement cannot be used against that person. Id. The absence of a cleansing warning is a factor to be considered under the totality of the circumstances, but “the absence of such [a warning] is not fatal to a finding of voluntariness.” Id.
When an accused challenges the admissibility of a statement under Article 31(b), UCMJ, and Military Rule of Evidence (M.R.E.) 305, the government bears the burden of establishing that the statement is admissible. See United States v. Benner, 57 M.J. 210, 212 (C.A.A.F.2002). When a court determines that an earlier statement is inadmissible, the government bears the burden of demonstrating that a subsequent statement is admissible under the totality of the circumstances. United States v. Phillips, 32 M.J. 76, 80 (C.M.A.1991).

Appellant’s unwarned statement and the subsequent interrogation

The record reflects a direct connection between Appellant’s unwarned statement on January 3 and his decision to respond to CID’s request for a statement only four days later on January 7. Appellant testified that subsequent to his January 3 statement, he was directed by his first sergeant to call the CID agent, Special Agent Phillips. According to Appellant, Special Agent Phillips “asked me if I could come in to clarify questions and clarify or follow up on questions that were asked on the 3rd of January.” Appellant added: “Basically, all he was looking for was to clarify what was said and, you know, make sure that what I was talking *68 about was accurate, or you know, he wanted to get it down on forms there, too.” When asked if Special Agent Phillips had told him that his January 3 statement might not be able to be used against him, Appellant said: “I don’t remember him saying anything about it could be used against me.”
Appellant offered the following explanation for his decision to make a statement to Special Agent Phillips on January 7 in light of his prior statement to Phillips on January 3: “I just thought he knew what he wanted to know. I mean, all he was in there to do was basically clarify what was said and basically rehash the 3 January interview.”
At the January 7 interview, Special Agent Phillips presented Appellant with a rights waiver certificate containing the following advisement: ‘Your prior statement you provided on 3 Jan 02, was given with [what] may not have been a proper rights advisement.” The military judge, in his findings of fact, stated that Special Agent Phillips “did not explain what [the January 7 advisement] meant; i.e., he did not give a cleansing warning.” In his conclusions of law, the military judge determined that a cleansing warning was not required because Appellant “was, in substance, advised of all of his rights” before he made the January 3 statement.
The military judge erred in his conclusion on the January 7 statement because it was based on his erroneous determination that the January 3 statement was admissible. The Court of Criminal Appeals likewise erred in its conclusion that the January 3 statement was admissible.
The Government had an opportunity at trial to rebut Appellant’s testimony that he gave a statement on January 7 because the Government already possessed the January 3 statement and the admissions contained therein. Special Agent Phillips did not tell him that his earlier statement could not be used against him at trial. In view of the fact that qualified military judges at both the trial and intermediate appellate level believed as a matter of law that the January 3 statement was admissible, it was reasonable for Appellant — a layman — to assume on January 7 that his choices were constrained by the Government’s ability to exploit the incriminating statements from his January 3 statement. The Government was required to show that Appellant voluntarily made a second statement after making an earlier involuntary statement. See Brisbane, 63 M.J. at 114. The Government, however, chose at trial not to rebut Appellant’s testimony about his reasons for providing a statement on January 7, preferring to rely on its belief in the propriety of the January 3 statement. Although the absence of a cleansing warning is not always fatal, in this case, the record reflects a statement obtained by the same law enforcement agent close in time to the unwarned statement. Appellant reasonably viewed his options as constrained by the earlier statement. In that context, Government has not met its burden of demonstrating that the January 7 was admissible under the totality of the circumstances. Accordingly, I respectfully dissent from that portion of the majority opinion that would permit reliance on the January 7 statement.